OPINION OF THE COURT
Edward S. Conway, J.
This is a motion by the plaintiffs for an order for summary judgment for the relief demanded in the complaint upon the ground that there are no triable issues of fact and there are no defenses to the cause of action asserted in the complaint.
Defendants oppose the plaintiffs’ motion and cross-move for summary judgment dismissing the complaint.
The underlying action upon which the instant motion and cross motion are predicated was brought by the plaintiffs for a declaratory judgment that the expenditure or payment of moneys received by the State from the Federal Government and contained in certain joint custody funds of the New York State Treasury without an appropriation by the New York State Legislature violates section 7 of article VII of the New York State Constitution.
Federal funds received by the State pursuant to Federal grants are deposited in a joint custody account by defendant Department of Audit and Control. A joint custody account is an account in the custody of both the Comptroller and defendant Commissioner of Taxation and Finance.
*336 Section 7 of article VII of the New York State Constitution provides: “No money shall ever be paid out of the state treasury or any of its funds, or any of the funds under its management, except in pursuance of an appropriation by law; nor unless such payment be made within two years next after the passage of such appropriation act; and every such law making a new appropriation or continuing or reviving an appropriation, shall distinctly specify the sum appropriated, and the object or purpose to which it is to be applied; and it shall not be sufficient for such law to refer to any other law to fix such sum.” (Emphasis supplied.)
The plaintiffs contend that the moneys received from the Federal Government are held in the State Treasury and deposited in joint custody funds which are funds of the State Treasury and that therefore section 7 of article VII should apply and no moneys should be paid from any of these funds except pursuant to a legislative appropriation.
The defendants contend that the words State Treasury contained in section 7 of article VII of the Constitution do not include the Federal funds deposited in joint custody accounts which are here at issue.
This court cannot agree with the contention of the defendants. The joint custody funds are both held and accounted for in the State Treasury. This is set forth in defendant Comptroller’s own manual. The essential characteristic of a joint custody fund is that the assets are held and accounted for in the State Treasury. The Federal moneys which are used for all programs which require State matching funds are used for the same purposes as money which the State raises from taxation and which is clearly subject to the appropriations process. For example, money in the Federal Crime Control and Safe Streets Fund, or funds under the Land and Water Conservation Fund Act of 1965, while the Legislature appropriated the money supplied by the State, it had little or no input with respect to setting priorities and overseeing a substantial portion of the funds which were supplied by the Federal Government and spent outside the normal budget process. Such use of the moneys might not always *337 reflect the will of the People of the State of New York and might permit the Executive branch to disregard the People’s priorities as reflected by their elected representatives in the New York State Legislature.
Section 7 of article VII is applicable to money received from the Federal Government which is in the general fund of the treasury and is managed and invested by the State Comptroller and the Commissioner of Taxation and Finance.
The defendants have failed to prove to this court’s satisfaction that the Federal funds are not subject to the constitutional mandate. The programs for which Federal funds are received embrace matters traditionally of State concern such as education, law enforcement and public welfare. Granting the Executive sole control over the expenditures of these funds is inconsistent with the separation of powers and with the normal roles of the Legislative and Executive branches of State Government.
In view of the foregoing, the motion by the plaintiffs for summary judgment for the relief requested in the declaratory judgment action is granted, and the cross motion of the defendants is denied.